L. J. Castle v. The State.

No. 7736. Decided May 16, 1923.

**Mortgaged Property—Intent to Defraud.**

Where, upon trial of removing mortgaged property from this State to another, the defendant introduced testimony that he took the car out of the State without intent to defraud, and only for temporary purposes, which issue was fairly submitted to the jury, who found defendant guilty, there is no reversible error.

Appeal from the District Court of Red River. Tried below before the Honorable Ben H. Denton.

Appeal upon a conviction of moving mortgaged property out of the state; penalty, two years in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*W. L. Keeling,* Assistant Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Red River county of the offense of removing mortgaged property from this State, and his punishment fixed at two years in the penitentiary.

The record before us is devoid of any bill of exceptions or complaint of the fairness of the trial in any way except that a motion for new trial attacks the sufficiency of the evidence.

It is shown by the testimony that appellant gave a mortgage upon a Ford car and that subsequent thereto, without the consent of the owners and holders of said mortgage, he removed it from this State and into the State of Oklahoma. It is also shown that after such removal he was arrested and incarcerated in jail in Oklahoma and while so confined the owners of said mortgage went to Oklahoma City where he was in custody and that appellant then surrendered to them the automobile in question. He asserted that his taking of the car away from the State of Texas was without intent to defraud and was only for temporary purposes. This issue was fairly and fully submitted to the jury by the trial court, and by their finding of guilty it is manifest that they have decided it against appellant. This is the only question raised. We are unable to conclude that the judgment is without evidence to support it, and having no right to reverse cases when in this condition, an affirmance will be ordered.

*Affirmed.*